## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**MICHELLE McINTOSH,**

       **Plaintiff,**                                 **Case No.:**

**vs.**

**POOL PERFECTION LLC,**
**KEVIN R. PLANKEY, Individually,**
**SHAI EGOSI, Individually,**
**NOAM EGOSI, Individually, and**
**JUSTIN ORTIZ, Individually,**

       **Defendants.**

_____/

## COMPLAINT

Plaintiff, MICHELLE McINTOSH, by and through her undersigned counsel, sues the Defendants, POOL PERFECTION LLC, KEVIN R. PLANKEY, Individually, SHAI EGOSI, Individually, NOAM EGOSI, Individually, and JUSTIN ORTIZ, Individually, and alleges as follows:

### JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq.

2.     Venue lies within United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

### PARTIES

3.     Plaintiff, MICHELLE McINTOSH, hereinafter referred to as "PLAINTIFF," is a resident of Pinellas County, Florida.

4.      Defendant, POOL PERFECTION LLC, is a Florida Limited Liability Company, licensed and authorized to conduct business in the State of Florida and doing business within Pinellas County.

5.      At all times material hereto Defendant, KEVIN R. PLANKEY, Individually, was an officer of the Defendant Corporation and had direct responsibility and control over the compensation paid to employees of the organization.

6.      At all times material hereto Defendant, SHAI EGOSI, Individually, was an officer of the Defendant Corporation and had direct responsibility and control over the compensation paid to employees of the organization.

7.      At all times material hereto Defendant, NOAM EGOSI, Individually, was an officer of the Defendant Corporation and had direct responsibility and control over the compensation paid to employees of the organization.

8.      At all times material hereto Defendant, JUSTIN ORTIZ, Individually, was an officer of the Defendant Corporation and had direct responsibility and control over the compensation paid to employees of the organization.

9.      Defendants are joint employers and/or an integrated enterprise/single employer.

10.     Defendants are an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(l)(A).

11.     Plaintiff was an employee of Defendants pursuant to 29 U.S.C. § 203(e)(l), Defendants were Plaintiff's employer within the meaning of 29 U.S.C. § 203(d), and Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

**GENERAL ALLEGATIONS**

12.     At all times material, Defendants was an employer as defined by the laws under which this action is brought.

13.     At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

14.     Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

**COUNT I**
**BREACH OF CONTRACT**

15.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 - 11.

16.     Plaintiff was employed with Defendants from approximately March 8, 2019 to January 24, 2020, as Office Manager.

17.     As Office Manager/Project Manager, Plaintiff was paid an hourly rate.

18.     Defendants failed in their contractual duties to pay Plaintiff for all hours worked.

19.     The actions of Defendants constitute a breach of the plan and/or contract between the parties.

20.     As a direct and proximate result of the Defendants' breach of the plan, Plaintiff has sustained damages, including but not limited to unpaid wages as contemplated by the agreement between the parties.

21.     Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

22.     Plaintiff is entitled to an award of attorneys' fees and costs pursuant to Florida Statute §448.08.

**WHEREFORE**, Plaintiff, MICHELLE McINTOSH, prays for judgment against the Defendants for damages as follows:

a.     Payment of earned unpaid wages and/or other contractual remuneration;

b.     Pre-judgment interest;

c.     Post-judgment interest;

d.     Attorneys' fees and costs; and

e.     For any other relief this court deems just and equitable.

### COUNT II
### FAIR LABOR STANDARDS ACT – UNPAID OVERTIME

23.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 - 11.

24.     Plaintiff's employment provided for a forty (40) hour work week but throughout her respective employment Plaintiff was required to work and did work a substantial number of hours in excess of forty (40) hours per work week.

25.     At all times material, Defendant failed to comply with 29 U.S.C. § 201 et seq., in that Plaintiff worked for Defendant in excess of the maximum hours provided by law, but no provision was made by Defendant to compensate Plaintiff at the rate of time and one-half her regular rate of pay for the hours worked over forty (40) in a work week.

26.     Defendant's failure to pay Plaintiff the required overtime pay was intentional and willful.

27.     As a direct and legal consequence of Defendant's unlawful acts, Plaintiff has suffered damages and has incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiff, MICHELLE McINTOSH, respectfully request all legal and equitable relief allowed by law including judgment against Defendants for overtime compensation, liquidated damages, prejudgment interest; payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and equitable relief declaring and mandating the cessation of Defendant's unlawful pay policy and such other relief as the court may deem just and proper.

## COUNT III
## FAIR LABOR STANDARDS ACT - MINIMUM WAGE

28.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 - 11.

29.     At all times material hereto, Plaintiff, MICHELLE McINTOSH, was paid an hourly rate.

30.     Plaintiff was not paid at least minimum wage for all hours worked in each work week.

31.     At all times material, Defendants failed to comply with the FLSA, in that Plaintiff should have been paid at no less than the minimum wage.

32.     Defendants' failure to pay Plaintiff the required wage was intentional and willful.

33.     As a direct and legal consequence of Defendants' unlawful acts, Plaintiff has suffered damages and has incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiff, MICHELLE McINTOSH, prays for the following against Defendants:

a.     all legal and equitable relief allowed by law including judgment against Defendants for minimum wage compensation;

5

b.  liquidated damages;

c.  payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim;

d.  such other relief as the court may deem just and proper.

## COUNT IV
## FAIR LABOR STANDARD ACT – RETALIATION

34.  Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 - 11.

35.  Plaintiff, MICHELLE McINTOSH, was terminated as a direct result of, and in retaliation for, her reporting and opposing the above described unlawful conduct.

36.  The above described actions of Defendants constitute a violation of the Fair Labor Standard Act, 29 U.S.C. § 215.

37.  As a result of the retaliatory actions of Defendants, Plaintiff has suffered damages including lost wages, benefits, and other remuneration, emotional distress and humiliation. These losses are permanent or intermittent and will continue into the future.

38.  As a result of Defendants' unlawful acts against Plaintiff, she has and will continue to incur attorney's fees and costs.

WHEREFORE, Plaintiff, MICHELLE McINTOSH, demands a trial by jury against Defendants for compensatory damages, lost wages and benefits, prejudgment interest, liquidated damages, attorney's fees and costs, and any other damages allowable by law.

## DEMAND FOR JURY TRIAL

39.  Plaintiff requests a jury trial on all issues so triable.

Dated this 8th day of May, 2020.

**FLORIN GRAY BOUZAS OWENS, LLC**

*/s/ Miguel Bouzas*
**MIGUEL BOUZAS, ESQUIRE**
Florida Bar No.: 48943
miguel@fgbolaw.com
gina@fgbolaw.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
wolfgang@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942

*Trial Attorneys for Plaintiff*